1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN LOPEZ,                              No.  2:19-cv-0523 AC

12                    Plaintiff,

13          v.                                ORDER AND FINDINGS AND
                                              RECOMMENDATIONS
14   W. BOGGAN,

15                    Defendant.

16

17          Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18   has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19   I.     Application to Proceed In Forma Pauperis

20          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

21   § 1915(a).  ECF No. 5.  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23   §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

27   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

28   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

    II.      Statutory Screening of Prisoner Complaints

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

       A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

       "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'"  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

2

1  R. Miller, <u>Federal Practice and Procedure</u> § 1216 (3d ed. 2004)).

2        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

3  relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting

4  <u>Twombly</u>, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

5  content that allows the court to draw the reasonable inference that the defendant is liable for the

6  misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556).  In reviewing a complaint under this

7  standard, the court must accept as true the allegations of the complaint in question, <u>Hosp. Bldg.</u>

8  <u>Co. v. Trs. of the Rex Hosp.</u>, 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

9  pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

10  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969) (citations omitted).

11      III.    <u>The Complaint</u>

12        The complaint alleges as follows.  Plaintiff is an artist whose paintings are of high quality.

13  While incarcerated at Mule Creek State Prison in 2017, he attempted to mail five of his paintings

14  to an art gallery in Florida.  Because plaintiff did not have enough money on his books to pay for

15  the postage, Officer Boggan placed a 15-day property hold on the paintings.  Pursuant to MCSP

16  policy, the property was to remain in the mail room for 15 days while plaintiff had an opportunity

17  to put the necessary funds in his trust account to cover mailing.  Later, when plaintiff had the

18  money and again attempted to mail out the paintings, he learned that unspecified prison

19  authorities had donated the paintings without providing plaintiff a fair opportunity to appeal.  This

20  would not have happened if Officer Boggan had followed Title 15 Cal. Code Regs. § 3133(e),

21  which requires the return to inmates of property that cannot be mailed.  The complaint's single

22  claim for relief asserts that Officer Boggan violated plaintiff's First Amendment right to use the

23  mail, thus depriving him of the proceeds plaintiff expected to receive from the sale of his

24  paintings.

25      IV.    <u>Failure to State a Claim</u>

26        Plaintiff's allegations fail to state a claim for relief against Office Boggan.  Inmates have a

27  limited First Amendment right to communicate, by mail or otherwise, with persons outside the

28  institution.  <u>Pepperling v. Crist</u>, 678 F.2d 787, 789-90 (9th Cir. 1982).  This right may be

| | |
|---|---|
| 1 | restricted on penological grounds.  See, e.g., Valdez v. Rosenbaum, 302 F.3d 1039, 1048 (9th Cir. |
| 2 | 2002) (recognizing right and nonetheless upholding telephone restrictions), cert denied, 538 U.S. |
| 3 | 1047 (2003); Procunier v. Martinez, 416 U.S. 396 (1974) (censorship of prisoner mail permissible |
| 4 | only to protect interests in security, order, or rehabilitation).  However, isolated instances of |
| 5 | inmate mail mishandling do not violate the constitution.  Stevenson v. Koskey, 877 F.2d 1435, |
| 6 | 1440-41 (9th Cir. 1989). |
| 7 | The mail at issue here is not a letter or other form of communication with persons outside |
| 8 | the institution, which is the interest protected by the First Amendment.  The deprivation that |
| 9 | plaintiff complains of is the taking of his property before it could be mailed out, and the loss of |
| 10 | his financial interest in the involuntarily "donated" art.  It is not at all clear that the First |
| 11 | Amendment gives plaintiff a constitutional right to access the mails for purposes of commercial |
| 12 | transactions.  It is clear, however, that the section of Title 15 on which plaintiff relies does not |
| 13 | support a § 1983 claim.  Liability lies only for violations of constitutional right, not for violation |
| 14 | of state law or prison procedures.  See Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009); |
| 15 | Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).  The MCSP 15-day hold policy, even if it |
| 16 | is inconsistent with the cited portion of Title 15, does not by its terms violate the First |
| 17 | Amendment because it serves penological interests without unreasonably infringing on inmate |
| 18 | access to the mails. |
| 19 | Independently of these considerations, the claim fails because the complaint is devoid of |
| 20 | allegations demonstrating that Officer Boggan had anything to do with the donation of the |
| 21 | artworks.  See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to |
| 22 | the deprivation of a constitutional right within the meaning of § 1983 if he does an act, |
| 23 | participates in another's act or omits to perform an act he is legally required to do that causes the |
| 24 | alleged deprivation).  Boggan's involvement was limited to processing the 15-day mail hold. |
| 25 | Even if the hold procedure was constitutionally suspect, the injury of which plaintiff complains is |
| 26 | the loss of his paintings and not the hold itself.  Boggan's conduct did not proximately cause the |
| 27 | |
| 28 | |

loss of the paintings.[1]  See Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008) (in § 1983 case "plaintiff must . . . demonstrate that the defendant's conduct was the actionable cause of the claimed injury. . . . To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation").  Boggan's actions were neither the cause-in-fact nor the proximate cause of plaintiff's property loss, which was the direct result of a third-party decision to donate the paintings.  Boggan therefore cannot be liable for the deprivation under § 1983.

In sum, the incident complained of here does not support a First Amendment claim because plaintiff's injury was a property loss and not interference with access to the mail per se. The alleged involuntary "donation" of plaintiff's paintings by prison officials before plaintiff could afford to mail them to an outside gallery does not state a First Amendment claim as a matter of law.  Moreover, because Officer Boggan's choice to follow the MCSP mail hold policy rather than return the paintings to plaintiff pursuant to 15 CCR § 3133(e) did not cause plaintiff's harm, plaintiff cannot state a claim against Officer Boggan.

V.      No Leave to Amend

Leave to amend need not be granted when amendment would be futile.  Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013).  The defects identified above cannot be cured by amendment.  Leave to amend would therefore be futile and should not be granted.

VI.      Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

The court has screened your complaint and finds that the facts you have alleged do not state a claim for relief.  The First Amendment protects, to a limited degree, your ability to communicate with people outside the prison and not your ability to ship property such as paintings for sale.  The wrong done to you was the taking of your paintings.  Officer Boggan isn't legally responsible for that because he was not the person who decided to "donate" them.  Both

---

[1]  The complaint does not indicate which prison official(s) may have been responsible for the decision to donate the art, but it clearly was not Officer Boggan.

1  because the loss of your paintings does not violate the Constitution even if it was wrong, and

2  because the named defendant is not the person who caused your loss, it is being recommended

3  that this case be dismissed without leave to amend.

4                                                CONCLUSION

5          In accordance with the above, IT IS HEREBY ORDERED that:

6          1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 5) is granted;

7          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

8  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

9  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

10  Director of the California Department of Corrections and Rehabilitation filed concurrently

11  herewith; and

12          3.  The Clerk of Court shall randomly assign a district judge to this case.

13          Additionally, IT IS HEREBY RECOMMENDED that:

14          1.  The complaint be DISMISSED pursuant to 28 U.S.C. § 1915A(a), without leave to

15  amend, for failure to state a claim upon which relief may be granted; and

16          2.  This case be CLOSED.

17          These findings and recommendations are submitted to the United States District Judge

18  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

19  days after being served with these findings and recommendations, plaintiff may file written

20  objections with the court and serve a copy on all parties.  Such a document should be captioned

21  "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that

22  failure to file objections within the specified time may waive the right to appeal the District

23  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

24  DATED: April 15, 2021

25

26  ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

27

28